D. Maimon Kirschenbaum (DK 2338)
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOYCE RIVERA AND CRESENCIO　　　　INDEX NO. 09-CV-5200
RIVERA,
　　　　　　　　　　　　　　　　　　　　　　AMENDED COMPLAINT
　　　　　　Plaintiffs,

　　v.

BOGART'S ON PARK INC., ALLAN
PRINCE and PAMELA PRINCE　　　　　　DEMAND FOR JURY TRIAL

　　　　　　Defendants.
-----------------------------------------------------------x



1.　　　Plaintiffs allege as follows:

## JURISDICTION AND VENUE

2.　　　This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Bogart's on Park, Inc. is a New York corporation that operates Bogart's restaurant, located in New York City.

6. Defendants Allan Prince and Pamela Prince are the owners of Bogart's on Park, Inc. and exercises sufficient control of their day to day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law.

7. Plaintiffs Joyce Rivera and Cresencio Rivera were employed by Defendants as bathroom attendants at Bogart's restaurant within the last three years.

## FACTS

8. Defendants committed the following alleged acts knowingly, intentionally and willfully.

9. Defendants knew that nonpayment of minimum wage, nonpayment of overtime would economically injure Plaintiffs and violated federal and state laws.

10. Defendants unlawfully failed to pay the Plaintiffs the federal and state minimum wage for all hours worked.

11. Plaintiffs often worked in excess of forty hours per workweek.

12. Plaintiffs were not compensated one and one half times New York State and federal minimum wage for hours that he worked in excess of forty per workweek.

13. Defendants illegally retained portions of Plaintiffs' tips.

## FIRST CLAIM FOR RELIEF
## (FLSA Claims, 29 U.S.C. §§ 201, *et seq.,*)

14. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

15. At all relevant times, Defendants have been, and continue to be, a "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

16. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiffs the federal minimum wage for each hour worked.

17. Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

18. Plaintiffs reallege and incorporate by reference all previous paragraphs.

19. Throughout the statute of limitations period covered by these claims, Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

20. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

21.   Plaintiffs seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*)

22.   Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

23.   Defendants knowingly paid the Plaintiffs less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

24.   Defendants did not pay Plaintiffs minimum wage for all hours worked.

25.   Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

26.   As a result of Defendants' willful and unlawful conduct, Plaintiffs and members the Class are entitled to an award of damages in amount to be determined at trial, liquidated damages and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,)

27.   Plaintiffsreallege and incorporate by reference all previous paragraphs.

28. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

29. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

30. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FIFTH CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7)

31. Plaintiffs reallege and incorporate by reference all previous paragraphs.

32. Plaintiffs regularly worked more than 10 hours in a workday.

33. Defendants willfully failed and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

34. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs have sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF
### (New York Tip Misappropriation-
### N.Y. Lab. L. § 196-d)

35. Plaintiff realleges and incorporates by reference all previous paragraphs.

36. Defendants illegally retained portions of Plaintiffs' tips.

37. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damges, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of Plaintiffs as Representatives of the Class.

B. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

C. Penalties available under applicable laws;

D. Costs of action incurred herein, including expert fees;

E. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

F. Pre-Judgment and post-judgment interest, as provided by law; and

G. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  Respectfully submitted,
       November 11, 2009

JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP

By: _____
    D. Maimon Kirschenbaum

757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorney for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.